IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DORRELL RICHENSON COULTHRUST,**

    Petitioner,

vs.                                                     Civ. No. 08-151 MV/ACT

**THOMAS DECKER,**

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on "Petitioner's ('Coulthrust') Writ of Habeas Corpus under 28 U.S.C. § 2241" ("Petition") filed on February 8, 2008. Docket No. 1. On March 4, 2008, Respondent filed "Government's Motion to Dismiss for Lack of Ripeness Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed on June 23, 2006 (sic)." Docket No. 9. On March 17, 2008, the District Judge referred this matter for proposed findings and recommended disposition, and hearing if necessary. Docket No. 10. Having reviewed the pleadings and relevant law, and being otherwise fully advised, the Court finds that Respondent's Motion to Dismiss should be granted.

## PROPOSED FINDINGS

Factual and procedural background.

1.    Coulthrust alleges that his continued detention violates 8 U.S.C. § 1228, "[e]xpedited removal of aliens convicted of committing aggravated felonies."

1

2.  Coulthrust was convicted of possessing more than 50 grams of cocaine with the intent to distribute, which is a violation of 21 U.S.C. § 841 under federal law, and sentenced to twenty (20) years in prison. He received his final order of removal on April 15, 2003. Coulthrust asserts he was released from prison on January 9, 2008, and has been in the custody of Immigration and Customs Enforcement ("ICE") for removal since his release from prison. Petition at 2.

3.  Coulthrust asserts that ICE has not contacted the Barbados Consulate concerning his deportation and that ICE has wrongfully detained him after his release from prison.

4.  Coulthrust was incarcerated at the Torrance County Detention Facility when his Petition was filed and thus is within the jurisdiction of the U.S. District Court for the District of New Mexico.

Legal Analysis.

5.  The relevant statute states that "[T]he [Secretary of Homeland Security] shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period'). 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the [Secretary of Homeland Security] shall detain the alien." 8 U.S.C. § 1231(a)(1)(C). Coulthrust's removal period began the date he was released from serving his prison sentence, which was January 9, 2008. 8 U.S.C. § 1231(a)(1)(B); *Jean-Henriquez v. Department of Homeland Security*, 2006 WL 1687853 at *4, footnote 5 (N.D. Fla. 2006) ("[f]or a criminal alien, the relevant date is when he is released from his incarceration and transferred to the custody of ICE.") As Coulthrust's removal period began January 9, 2008, he has not been detained longer than the 90 days the Secretary of Homeland Security can detain him. Moreover, as Coulthrust was confined for a controlled substance offense, which is the

basis of his removal, the Secretary of Homeland Security cannot release him during the removal period.  8 U.S.C. §1231(a)(2).

6. The Court notes that the Supreme Court has held that aliens may be detained beyond the statutory 90-day time period for "a period reasonably necessary to bring about that alien's removal from the United States."  *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).  In *Zadvydas* the Supreme Court determined that the presumptive period during which the detention of an alien is reasonably necessary to effect his removal is six months.  *Id*. at 701.

7. The Court also notes that Defendant has stated that Coulthrust was transferred to El Paso on February 19, 2008 and is scheduled to be transferred to Miami, Florida on or about March 14-19, 2008.  Defendant also states that arrangements are being made for a personal interview with the Barbados Consulate in Miami to obtain Coulthrust's travel documents.

8. For all of the foregoing, the Court finds that Coulthrust's Petition is not ripe and should be denied.  *Graham v. Hartford Life and Accident Ins. Co*., 501 F.3d 1153, 1161 (10th Cir. 2007) ("[R]ipeness is a justiciability doctrine designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." (citations omitted).

## **RECOMMENDED DISPOSITION**

I recommend that the "Government's Motion to Dismiss for Lack of Ripeness Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed on June 23, 2006 (sic)" be granted and Coulthrust's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 be denied and dismissed with prejudice.

Timely objections to the foregoing may be made pursuant to 28 U.S.C.§ 636(b)(1)(C). Within ten days after a party is served with a copy of these Proposed Findings and

Recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such Proposed Findings and Recommended Disposition with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the 10 (ten) day period allowed if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**